IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MIRANDA QUANTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: |
| ) | |
| BRADIS, INC., ) | |
| ) | **1:12-cv-1786 RLY-TAB** |
| Defendant. ) | |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

I. <u>Nature of Case</u>

The Plaintiff, Miranda Quantz (hereinafter "Plaintiff" or "Miranda"), brings this action against her former employer, Bradis, Inc. (hereinafter "Defendant"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, as amended, 42 U.S.C. §2000e(k), as set forth in Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et. seq.*, as amended. Miranda alleges that the Defendant has discriminated against her because of her sex.

II. <u>Parties</u>

1. Miranda is a female resident of the State of Indiana, who at all times relevant to this action resided within the State of Indiana.

2. Defendant is a for profit organization which maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

III. <u>Jurisdiction and Venue</u>

3. Defendant is an "employer" within the meaning of 42 U.S.C. §2000e(b), 42 U.S.C. §12111(5)(A), and 29 U.S.C. §2611(4)(A).

4 Miranda was an "employee" within the meaning of 42 U.S.C. §2000e(f), 29 U.S.C. §2611(2)(A), and 42 U.S.C. §2000e(f).

5. Miranda satisfied her obligation to exhaust her administrative remedies, having timely filed a charge of discrimination (Charge No.'s 470-20110-02100, -02205) with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") alleging discrimination and retaliation on the basis of sex and receiving her Notice of Suit Rights after the EEOC found reasonable cause to believe the Miranda was sexually harassed and terminated in retaliation as a result of her complaints of sexual harassment. Miranda received the appropriate Notices of Suit Rights and brings this original action within ninety (90) days of her receipt thereof.

6. Jurisdiction is conferred on this Court by U.S.C. §2000e-5(f)(3), and 42 U.S.C. §12117.

7. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana. Thus, venue is proper in this Court.

IV. <u>Factual Allegations</u>

8. Miranda began her employment with respondent in October of 2008, and at all relevant times she met or exceeded her employer's legitimate job expectations.

2

9. Shortly after becoming employed by respondent and working in the primary store, Miranda began to be sexually harassed by a co-employee, Jeremy Lloyd.

10. At no time was Miranda ever given any type of employee handbook or other documentation indicating that respondent had any type of sexual harassment policy or procedures for her to report sexual harassment.

11. Mr. Lloyd regularly and continuously improperly touched Miranda and made improper suggestive comments throughout her employment.

12. Specifically, some of these incidents included an incident occurring in July of 2010, where Mr. Lloyd touched Miranda's breasts. Miranda screamed and he took off toward a nearby gas station.

13. In the middle of August 2010, when Miranda was upstairs in the office, Mr. Lloyd again grabbed her breast.

14. On both of these occasions Miranda immediately objected.

15. In late August and early September of 2010, incidents occurred where Mr. Lloyd would pull Miranda's hair from behind in a sexual and suggestive manner, telling her "how [she] liked it" and that he knew "[she] liked it rough when getting f**ked."

16. Mr. Lloyd would on multiple occasions walk up behind Miranda, sniff her hair, and tell her how good she smelled. Both the hair pulling and sniffing incidents happened on numerous occasions.

17. There were even times when Mr. Lloyd would tell customers "buy a gun, and get a date with Miranda."

18. On one occasion Mr. Lloyd picked Miranda up with one hand between her legs.

19. This incident was observed by and ex co-worker, Reverend Mark McKinney.

20. Another current employee, Bernard Spaulding, saw an incident in which Mr. Lloyd picked Miranda up in a dancing motion and dipped her suggestively.

21. At no time did Miranda ever authorize Mr. Lloyd to touch her in this or any other manner.

22. There were occasions where Mr. Lloyd put up a toilet paper roll with numbers on it (1, 2, 3. 4, etc.) and it said "take a number for a date with Miranda."

23. On October 13, 2010, Mr. Lloyd grabbed Miranda's buttocks and she reported Mr. Lloyd's continued unwelcome acts of sexual harassment to Lisa Ratliffe, who made Miranda write a statement to give to Naomi Braegger, one of the owners of Bradis, Inc..

24. Miranda wrote out a statement of the incident to Noami Braegger.

25. Within a week, Mr. Lloyd confronted Miranda about "telling on him."

26. Mr. Lloyd then proceeded to keep commenting about Miranda's "mom jeans" and how she needed to wear tighter fitting jeans so he could see her butt.

27. To Miranda's knowledge at no time was Mr. Lloyd disciplined in any way for his improper conduct.

28. Mr. Lloyd continued to harass Miranda throughout her employment with Bradis, Inc., despite Miranda having reported his misconduct to upper management.

29. On February 23, 2011, a state congressman came in and after a conversation with him, Mr. Lloyd stated to co-workers "you can't have an intelligent conversation around Miranda, she's too stupid."

30. On February 24, 2011, Miranda had a conference with Bob and Naomi Braegger, owners of Bradis, Inc., and Lisa Ratliffe, their daughter and manager.

31. After discussing the repeated acts of sexual harassment, Miranda was transferred to the second store ("Bradis II") and told to scrub the floors.

32. The floors did not need scrubbing and Miranda believes she was assigned this demeaning task in retaliation for her reporting of the sexual harassment.

33. Miranda continued to regularly work in the second store, which is generally considered to be an inferior position than her prior assignment within the primary store.

34. On March 31, 2011, Miranda requested to be scheduled off on the day of her mother's 50th birthday and on her son's 6th birthday.

35. Both of these requests were refused.

36. Miranda believes this action was in retaliation for her reporting sexual harassment, as such requests are routinely granted.

37. After Miranda reported and documented the incidents of sexual harassment, she was fired from her position of employment on or about April 25, 2011.

38. At no time did Miranda ever engage in misconduct which would have justified her termination, nor was she provided any specific information with regard to the reason for her termination.

39. Miranda believes she was wrongfully terminated because she reported unlawful and illegal acts of sexual harassment, and that her termination violated the anti-retaliation provision of Title VII.

V. Legal Causes of Action

A. COUNT I – SEX

40. Plaintiff hereby incorporates paragraphs 1 through 39 of her Complaint for Damages and Demand for Jury Trial, as if the same were set forth at length herein.

41. The Defendant, through its employee, sexually harassed Miranda.

42. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Miranda's rights as protected by Title VII.

43. While employed by Defendant, Miranda was subjected to disparate treatment in the terms, conditions and privileges of her employment on the basis of her sex, including the termination of her employment.

44. Defendant's conduct was deliberate, willful, and in reckless disregard for Miranda's rights as protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

45. Miranda has suffered damages as a result of Defendant's unlawful conduct. The EEOC found reasonable cause to believe that Defendant has violated Title VII.

### B. COUNT II – WRONGFUL TERMINATION

46. Plaintiff hereby incorporates paragraphs 1 through 45 of her Complaint for Damages and Demand for Jury Trial, as if the same were set forth at length herein.

47. Defendant terminated Miranda's employment in retaliation for having complained for sexual harassment.

48. Defendant's actions were intentional, willful, and in reckless disregard of Miranda's rights as protected by FMLA's anti-retaliation provisions. Defendant's actions interfered with Miranda's rights under the FMLA.

### VI. Relief Requested

WHEREFORE, Plaintiff Miranda Quantz, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

a. Pay Plaintiff's lost wages, unpaid bonuses, and benefits;

b. Pay Plaintiff's compensatory, liquidated, and punitive damages;

c. Pay to Plaintiff pre- and post-judgment interest;

d. Reinstate Plaintiff to the same position, salary, and seniority; or, pay front pay and benefits to Plaintiff in lieu of reinstatement;

e. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and

f. Pay to Plaintiff any and all other damages and/or relief deemed appropriate and just by this Court.

Respectfully submitted,

*/s/ Andrew P. Wirick*
_____
Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS, LLP
Attorney No. 11362-49
54 Monument Circle, 4th Floor
Indianapolis, Indiana 46204
Telephone: (317) 632-4402
Facsimile: (317) 632-5595
awirick@humesmith.com

Attorney for Plaintiff Miranda Quantz

## DEMAND FOR JURY TRIAL

The Plaintiff, Miranda Quantz, by counsel respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*/s/ Andrew P. Wirick*
_____
Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS, LLP
Attorney No. 11362-49
54 Monument Circle, 4th Floor
Indianapolis, Indiana 46204
Telephone: (317) 632-4402
Facsimile: (317) 632-5595
awirick@humesmith.com

Attorney for Plaintiff Miranda Quantz